IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JARICA SUMLER, "Jay", ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:22-cv-02836-TLP-atc |
| v. ) | |
| ) | JURY DEMAND |
| LESAINT/TAGG LOGISTICS, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Jarica "Jay" Sumler sued pro se and moved to proceed in forma pauperis in December 2022. (ECF Nos. 1 & 2.) Sumler alleged Defendant LeSaint Logistics, currently operating as Tagg Logistics ("LeSaint"), violated her rights. She sued under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 ("ADA"), the Age Discrimination in Employment Act of 1967 ("ADEA"),[1] the Family and Medical Leave Act ("FMLA"), and the Equal Pay Act ("EPA"). (ECF No. 1.) The Court granted Sumler permission to proceed in forma pauperis. (ECF No. 6.) The Court also referred the case to Magistrate Judge Annie T. Christoff for management of all pretrial matters under Administrative Order 2013-05.

Judge Christoff entered a Report and Recommendation ("R&R") recommending that this Court dismiss Sumler's ADA and ADEA claims for failure to state a claim. (ECF No. 7 at

---

[1] While Sumler did not check the box indicating that she was discriminated against under the Age Discrimination in Employment Act of 1967 ("ADEA"), elsewhere in her Complaint she checked the box selecting age as one of the bases of discrimination. (ECF No. 1 at PageID 4.)

PageID 34.)  Judge Christoff also recommended that this Court allow Sumler to proceed on her Title VII claims for race and sex discrimination and retaliation, as well as her claims under the FMLA and EPA.  (*Id.*)  Lastly, Judge Christoff recommended that this Court order the Clerk to issue summons.  (*Id.*)

For the reasons below, the Court **ADOPTS** Judge Christoff's R&R.

## BACKGROUND

Sumler sued LeSaint in December 2022.  (ECF No. 1.)  She used a Court-provided template for her Complaint, attaching her EEOC Charge of Discrimination and amended Charge of Discrimination.  (ECF Nos. 1, 1-1.)  In her Complaint, Sumler checked boxes indicating that LeSaint discriminated and retaliated against her by terminating her employment, failing to promote her, and imposing unequal terms of employment.  (ECF No. 1 at PageID 3.)  Sumler alleged she was discriminated against based on her race, color, sex, religion, national origin, disability, and age.[2]  (*Id.* at PageID 4.)  According to Sumler, LeSaint violated Title VII, the FMLA, the ADA, the ADEA, and the EPA.  (*Id.*)

Sumler alleges that LeSaint hired her in December 2020 as an operations supervisor. (ECF No. 1-1 at PageID 10.)  While she started out with an African American male manager, LeSaint hired Phillip Coles, a white man, to be its new general manager in May 2021.  (*Id.*) Sumler alleges that Coles began harassing her based on her "color, race, sex, sexual orientation and religion."  (*Id.*)  This harassment included derogatory racial comments and slurs.  (*Id.*)

Sumler additionally asserts that Defendant repeatedly denied her incentive bonuses that other male supervisors received.  (*Id.*)  When she complained to management, she alleges the

---

[2] Sumler checked the box for each category but did not describe how she fits in to each category. (ECF No. 1 at PageID 4.)

management team "started attacking and harassing [her] in all ways possible." (*Id.*) She also did not receive the raise she was due on her one-year anniversary. (*Id.* at PageID 11.) Sumler also alleges that LeSaint gave her a negative evaluation and denied her a yearly bonus and raise three days after she requested leave under the FMLA. (*Id.* at PageID 13.) Four days after that, LeSaint "falsely placed [her] on a final written warning," which she refused to sign. (*Id.*) LeSaint terminated her the next day. (*Id.*)

### THE R&R

When a plaintiff sues pro se and moves to proceed in forma pauperis, before the Clerk of the Court issues summonses, the Court first screens the case to determine whether it should move forward. Local Rule 4.1(b)(2) ("LR"). A Court screening the complaint should dismiss the action if it: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). With that in mind, Judge Christoff conducted the screening and issued her suggestions in the R&R. (ECF No. 7 at PageID 25–26.)

Judge Christoff evaluated Sumler's claim under Federal Rule of Civil Procedure 12(b)(6) and the standard from *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).[3] (*Id.* at PageID 26.) After recounting the factual and procedural

---

[3] Judge Christoff correctly noted that plaintiffs pleading employment discrimination claims need not "allege facts establishing a prima facie case of . . . discrimination to survive a motion to dismiss under Rule 12(b)(6)." *Morgan v. St. Francis Hosp.*, No. 19-5162, 2019 WL 5432041, at *1 (6th Cir. Oct. 3, 2019) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002)); *see also Chapman v. Olymbec USA, LLC*, No. 2:18-cv-02842-SHM-tmp, 2019 WL 5684177, at *8 (W.D. Tenn. Nov. 1, 2019) (citing *Keys v. Humana*, 684 F.3d 605, 610 (6th Cir. 2012)) ("The satisfaction of every element of a prima facie case at the motion-to-dismiss stage is not required."). In other words, "so long as a complaint provided an adequate factual basis for a discrimination claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)." *Morgan*, 2019 WL 5432041, at *2 (Griffin, J., concurring in part, dissenting in part) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012)).

history here, Judge Christoff analyzed the Complaint and recommended that the Court dismiss (1) Sumler's Title VII claims for discrimination based on color, religion, and natural origin, (2) Sumler's ADA claim, and (3) Sumler's ADEA claim. (*Id.* at PageID 34.) That said, Judge Christoff also recommended that the Court allow Sumler to proceed on her (1) Title VII claims for race and sex discrimination and retaliation, (2) FMLA claims, and (3) EPA claims. (*Id.*)

## I. Title VII Claims

First, Judge Christoff found that Sumler alleged plausible claims that LeSaint discriminated against her based on her race and sex, so those claims should proceed. (*Id.* at PageID 29.) Judge Christoff also found that Sumler alleged enough facts to proceed on her retaliation claims. (*Id.* at PageID 30.) But, as to Sumler's claims of discrimination based on religion, color, or national origin, Judge Christoff recommends dismissing them because Sumler failed to meet her prima facie showing. (*Id.* at PageID 29–30.)

## II. ADA Claim

Judge Christoff found that Sumler did not allege that she has a disability. (*Id.* at PageID 32.) Because of this, Judge Christoff found that Sumler could not recover under the ADA and recommended that the Court dismiss her ADA claims. (*Id.*)

## III. ADEA Claim

Judge Christoff found that Sumler did not state enough facts to allege an ADEA claim. For that reason, Judge Christoff recommended that the Court dismiss her ADEA Claim.

## IV. FMLA Claim

As for Sumler's FMLA claims, Judge Christoff found that she sufficiently alleged each required element and therefore recommended that the Court allow her FMLA claims to proceed. (*Id.* at PageID 33.)

V. **EPA Claim**

Finally, Judge Christoff found that Sumler alleged that she received less pay than her male counterparts. (*Id.* at PageID 33–34.) Because of this, Judge Christoff recommended that the Court allow her EPA claims to proceed. (*Id.* at PageID 34.)

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain pretrial matters, including whether to dismiss an action for failure to state a claim. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If neither party objects, then a district court reviews an R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Christoff entered her R&R in late August 2023 and Sumler filed no objections. The time to do so has now passed. The Court therefore reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record here, the Court finds no clear error. The Court therefore **ADOPTS** Judge Christoff's R&R.

I. **Title VII Claims**

   A. **Race and Sex Discrimination**

Plaintiff has met her burden for pleading her race and sex discrimination claims under Title VII. Title VII prohibits employers from discriminating "against any individual with respect

5

to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Blackburn v. Shelby Cnty.*, 770 F. Supp. 2d 896, 918 (W.D. Tenn. 2011) (quoting 42 U.S.C. § 2000e-2(a)(1)).  To meet their prima facie case, a plaintiff must show that: (1) she is a member of a protected group; (2) she faced an adverse employment action; (3) she was qualified for the position; and (4) that a similarly situated employee outside the protected class was treated more favorably or she was replaced by someone outside the protected class.  *Yazdian v. ConMed Endoscopic Techs., Inc.*, 793 F.3d 634, 654–55 (6th Cir. 2015); *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010).

Sumler alleged enough to allege plausibly that LeSaint discriminated against her based on her race and sex.  (*See* ECF No. 7 at PageID 29.)  Sumler has alleged that: (1) she is a member of a protected class because she is an African American woman; (2) LeSaint took adverse actions against her (failing to promote, unequal employment terms, termination); and (3) LeSaint treated her similarly situated male peers more favorably.  (*Id.* at PageID 28–29.)  And this Court agrees that it can infer from her Complaint that she was qualified for the position she held.  The Court therefore **ADOPTS** Judge Christoff's recommendation on this point and will allow Plaintiff's sex and race discrimination claims to proceed.

B. **Religion, Color, and National Origin Discrimination**

Sumler has failed to allege that she was discriminated against based on her religion, color, and national origin.  To state a religious discrimination claim, Sumler must show that: (1) she holds a sincere religious belief that conflicts with an employment requirement; (2) she informed LeSaint about the conflicts; and (3) she was discharged or disciplined for failing to comply with the conflicting employment requirement.  *Bolden v. Lowes Home Centers, LLC*, 783 F. App'x 589, 597 (6th Cir. 2019) (quoting *Tepper v. Potter*, 505 F.3d 508, 514 (6th Cir.

6

2007)). But this Court agrees with Judge Christoff that Sumler failed to identify her religion and to assert how her religious beliefs conflicted with an employment requirement. (*Id.* at PageID 29.) She also failed to allege that she told LeSaint about any religious conflict and that LeSaint's actions are tied to her beliefs. (*Id.*) So she did not sufficiently allege discrimination based on religion.

Sumler likewise failed to plead enough to assert her color discrimination claim. Discrimination claims based on color are distinct from claims based on race: "the former 'arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual.'" *Murrell v. Barrel*, No. 2:13-cv-2619-SHM-dkv, 2013 WL 6231174, at *4 (W.D. Tenn. Dec. 2, 2013) (quoting *Moore v. Food Lion*, No. 3:06–0712, 2007 WL 596955, at *2 (M.D. Tenn. Feb. 21, 2007)). But Sumler has not alleged that her skin tone motivated the discrimination, so she did not allege color discrimination here. (*Id.* at PageID 29–30.)

Lastly, Sumler failed to allege national origin discrimination. "'National origin' refers to the country of birth, or the country from which a person's ancestors came." *Norbuta v. Loctite Corp.*, 1 F. App'x 305, 311 (6th Cir. 2001) (citing *Espinoza v. Farah Mfg. Co., Inc.*, 414 U.S. 86, 88–90 (1973)). But "national origin discrimination is distinct from race discrimination." *Reynolds v. Solectron Glob. Servs.*, 358 F. Supp. 2d 688, 692 (W.D. Tenn. 2005) (citing *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991)). And the Court agrees with Judge Christoff that Sumler again did not allege any facts related to her ancestors' national origin, nor she did she allege that LeSaint's actions were motivated by her national origin. (*Id.* at PageID 30.)

7

For these reasons, the Court **ADOPTS** Judge Christoff's recommendation and **DISMISSES** Sumler's religion, color, and national origin discrimination claims.

### C. Retaliation

Sumler did allege enough to pursue her retaliation claim. A plaintiff claiming retaliation under Title VII "need only allege facts sufficient to allow the court to 'draw the reasonable inference' that the employer discriminated or retaliated against the plaintiff." *Downing*, 2023 WL 4672411, at *2 (citing *Keys*, 684 F.3d at 610). The alleged retaliation "must be tied to Plaintiff opposing a practice made unlawful under Title VII or making a charge or participating in a Title VII investigation or proceeding." *Id.* (citing 42 U.S.C. § 2000e-3(a)). This Court agrees with Judge Christoff that Sumler adequately alleged that LeSaint retaliated against her by limiting her pay and then firing her after she complained to management about the unequal terms of her employment. (*Id.*) The Court therefore **ADOPTS** Judge Christoff's recommendation on this point and allows Sumler's retaliation claim to proceed.

## II. ADA Claim

Sumler failed to allege disability discrimination. "The ADA prohibits discrimination by a covered entity 'against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation job training, and other terms, conditions, and privileges of employment.'" *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702–03 (6th Cir. 2008) (quoting 42 U.S.C. § 12112(a)). To make an ADA claim, one must first plead that they have a disability. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 936 (6th Cir. 2000). Under the ADA, a disability is: (a) a physical or mental impairment that substantially limits one or more of the major life activities

of such an individual; (b) a record of such impairment; or (c) being regarded as having such an impairment. *Id.* at 703 (internal quotation omitted); 42 U.S.C. § 12102(1)(A)–(C).

But Sumler does not allege that she has a disability or state any facts that could be construed as her having a disability—checking the "ADA" box on the complaint form is not enough. (*Id.* at PageID 32.) And this Court agrees with Judge Christoff that this failure precludes any recovery under the ADA. The Court therefore **ADOPTS** Judge Christoff's recommendation on this point and **DISMISSES** Sumler's ADA claim.

### III.   ADEA Claim

In her Complaint, Sumler did not check the box indicating that she was discriminated against under the ADEA. But elsewhere in her Complaint she selected age as one of the bases of discrimination and said she was thirty-eight years old when the alleged discrimination occurred. (ECF No. 1-1, at PageID 4.) To establish a prima facie case of age discrimination, a plaintiff must show that: (1) she was over forty years old; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) she was either replaced by a person outside the protected class or treated differently than a similarly situated individual. *Smith v. Wrigley Mfg. Co., LLC*, 749 F. App'x 446, 448 (6th Cir. 2018) (quoting *House v. Rexam Beverage Can Co.*, 630 F. App'x 461, 462 (6th Cir. 2015)). This Court agrees with Judge Christoff that Sumler failed to allege the first and fourth element and provided no other age-related allegations in her complaint. Even if she seeks recovery under the ADEA then, the Court **ADOPTS** Judge Christoff's recommendation and **DISMISSES** any ADEA claim here.

### IV.   FMLA Claim

Sumler alleged enough to bring an FMLA claim. Under the FMLA, eligible employees have "the right to take up to 12 weeks of leave per year when the employee suffers from a

9

'serious health condition that makes the employee unable to perform the functions' of her job." *Hrdlicka v. Gen. Motors, LLC*, 63 F.4th 555, 572 (6th Cir. 2023) (quoting 29 U.S.C. § 2612(a)(1)(D)). The Sixth Circuit "recognizes two distinct theories for recovery under the FMLA: (1) the entitlement or interference theory under 29 U.S.C. § 2615(a)(1), and (2) the retaliation or discrimination theory under 29 U.S.C. § 2615(a)(2)." *Id.* (citations and quotations omitted).

The "interference theory applies when an employer attempts to 'interfere with, restrain, or deny the exercise of or the attempt to exercise' any FMLA leave rights." *Id.* (quoting 29 U.S.C. § 2615(a)(1)). The retaliation or discrimination theory requires an employee to show:

> (1) she was engaged in an activity protected by the FMLA; (2) the employer knew that she was exercising her rights under the FMLA; (3) after learning of the employee's exercise of FMLA rights, the employer took an employment action adverse to her; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action.

*Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549, 556 (6th Cir. 2006) (citing *Arban v. West Publ'g Corp.*, 345 F.3d 390, 404 (6th Cir. 2003)).

The Court agrees with Judge Christoff's analysis that Sumler sufficiently alleged the required elements under the retaliation or discrimination theory. (*Id.* at PageID 33.) Her allegation that LeSaint gave her a negative evaluation and denied her yearly raise and bonus just three days after requesting FMLA leave satisfies her burden at this stage. (*Id.*) The Court therefore **ADOPTS** Judge Christoff's recommendation on this point and allows Sumler's FMLA claim to proceed.

V.   **EPA Claim**

Lastly, Sumler sufficiently alleged an EPA claim to proceed. The EPA "prohibits employers from discriminating against an employee on the basis of sex by paying lower wages

10

than are paid to employees of the opposite sex for performing equal work." *Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 507 (6th Cir. 2021).  Sumler alleges that LeSaint (1) paid her less than her male counterparts who had equal titles and job responsibilities and (2) denied her incentive bonuses that all male supervisors received.  (*Id.* at PageID 34.)  The Court therefore **ADOPTS** Judge Christoff's recommendation to allow Sumler's EPA claim to proceed.

## CONCLUSION

The Court has reviewed Judge Christoff's R&R for clear error and finds none.  And so, the Court **ADOPTS** the R&R and **DISMISSES WITH PREJUDICE** Sumler's Title VII claims for discrimination based on color, religion, and national origin and her claims for discrimination under the ADA and ADEA for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Sumler's Title VII claims for race and sex discrimination and retaliation, as well as her claims under the FMLA and EPA, may proceed.  The Court respectfully **DIRECTS** the Clerk to issue summons for LeSaint.

**SO ORDERED**, this 10th day of May, 2024.

  s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE